**In re Marvin Eugene BeVIER and Joyce LaVae BeVier, Debtors.**

**Marvin Eugene BeVIER and Joyce LaVae BeVier, Plaintiffs,**

v.

**Robert A. WARDER, Federal Trustee in Bankruptcy, Defendant.**

Bankruptcy No. 580–00117.
Adv. No. 581–0002.

United States Bankruptcy Court,
D. South Dakota.

June 18, 1981.

William J. Rieb, Rapid City, S. D., for plaintiffs BeVier.

Robert A. Warder, Gunderson, Farrar, Aldrich, Warder & DeMersseman, Rapid City, S. D., Trustee pro se.

PEDER K. ECKER, Bankruptcy Judge.

Marvin Eugene BeVier and Joyce LaVae BeVier, hereinafter Debtors, filed a joint petition for an order for relief in a Chapter 7 bankruptcy. This Bankruptcy Court held a trial on their Complaint filed by William J. Rieb, hereinafter Debtors' Attorney, to determine whether Robert A. Warder, hereinafter Trustee, may sell a promissory note in which Debtors are the payees pursuant to his duty as Trustee to reduce to money the property of the estate.

## FINDINGS OF FACT

Debtors are payees of a promissory note made by Randy D. Aker, William R. Aker and Walter R. Ormesher as part of a pre-bankruptcy real estate transaction. The promissory note is for $3,000.00 plus nine per cent interest and is due on the first day of February, 1982.

Trustee served notice by letter upon Debtors' Attorney that he intends to sell Debtors' interest in the aforementioned promissory note.

## TRUSTEE'S ARGUMENTS

Trustee's Answer to Debtors' Complaint is two-fold. First, Trustee argues that Debtors' Complaint fails to state a cause of action and moves to dismiss the Complaint. Second, Trustee argues the inapplicability of adequate protection to a trustee selling a note in a Chapter 7 bankruptcy. This Bankruptcy Court held a trial on Debtors' Complaint and took the matter under advisement.

## ISSUES

1. Whether the promissory note in which Debtors are payees is property of Debtors' estate.

2. Whether Trustee has the power to sell a promissory note in which Debtors are payees.

3. Whether adequate protection is applicable to Trustee's selling of a promissory note in a Chapter 7 bankruptcy.

## CONCLUSIONS OF LAW

### ISSUE 1

■ In this case, the Chapter 7 Trustee intends to sell a promissory note in which Debtors are payees pursuant to his duties as Trustee. 11 U.S.C. § 704(1) provides in part:

"The trustee shall—collect and reduce to money the property of the estate for which such trustee serves ... "

Debtors argue that a promissory note in which Debtors are payees is not property of Debtors' estate. 11 U.S.C. § 541 provides:

"(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, where ever located:

(1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

For the following reason, this Bankruptcy Court holds that Debtors' interest in a promissory note is a legal interest and property of the estate pursuant to 11 U.S.C. § 541(a)(1). The legislative history of § 541 contemplates that a chose in action is property of Debtors' estate. (See H.R.Rep.No. 595, 95th Cong., 1st Sess. 367–8 (1977); 8 Rep.No. 989, 95th Cong., 2d Sess. 82–3 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. There is no doubt that Congress intended a chose in action represented in this case by a promissory note to be property of Debtors' estate.

### ISSUE 2

■ Debtors' Complaint contends that Trustee does not have power to sell the promissory note in which Debtors are payees. Since this Bankruptcy Court has found the promissory note is property of Debtors' estate, 11 U.S.C. § 704 is dispositive of the issue regarding powers and duties of a Chapter 7 trustee.

11 U.S.C. § 704 provides in part:

"The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close up such estate as expeditiously as is compatible with the best interests of parties in interest;".

This Bankruptcy Court holds that Debtors' promissory note is property of the estate and Trustee has the power and duty to reduce the promissory note to money as expeditiously as is compatible with the best interests of parties in interest.

## ISSUE 3

Debtors' Complaint alleges Trustee must provide adequate protection to Debtors upon the sale of a promissory note of which they are payees pursuant to 11 U.S.C. § 361. Trustee argues the inapplicability of adequate protection to a trustee selling a note in a Chapter 7 bankruptcy.

This Bankruptcy Court holds the concept of adequate protection is not applicable to property of the estate in a Chapter 7 bankruptcy where Trustee, pursuant to his duties under 11 U.S.C. § 704, seeks to reduce to money property of the estate. The concept of adequate protection was enacted to protect creditors in the use, sale or lease of property by Trustee or Debtor, not the bankruptcy estate in liquidation.

This Bankruptcy Court has examined Debtors' bankruptcy Schedules B–2 and B–4. Schedule B–2 § (p) requires debtor to list "Other liquidated debts of debtor". Debtors have listed "None". Debtors should amend their Schedule B–2 to include the promissory note as property of the estate.

Upon further examination of Debtors' schedules, this Bankruptcy Court observes that Debtors have claimed exemptions less than the amounts provided by South Dakota laws on their Schedule B–4. In light of this Bankruptcy Court's decision in this case, Debtors may wish to amend their Schedule B–4 to claim a portion of the value of the chose in action as exempt.

This Bankruptcy Court grants Trustee's motion to dismiss the Complaint of Debtors for failure to state a cause of action.

This Decision shall constitute Findings of Fact and Conclusions of Law with Trustee directed to supply an order consistent herewith.